IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Karlsson Group, Inc., et al., | ) | |
| Plaintiffs, | ) | No. CV-07-0457-PHX-PGR |
| vs. | ) | |
| Langley Farms Investments, LLC, et al., | ) | SCHEDULING ORDER |
| Defendants. | ) | |

A Scheduling Conference having been held before this Court on December 15, 2009,[1]

IT IS ORDERED that:

(1) The plaintiffs are given leave to file a second amended complaint adding a claim for malicious prosecution related to the filing of the state court action, Langley v. PFR, LLC, by the defendants.  The second amended complaint shall be filed and served no later than **December 23, 2009**.[2]

---

[1]   Counsel for the Van Wagner-related defendants are admonished that the Supplemental Order Setting Scheduling Conference (doc. #107) specifically required lead counsel to be present for the Scheduling Conference.  The Court expects its orders to be followed and will not in the future tolerate the presence of less than fully informed associate counsel when the presence of lead counsel is required.

[2]   Any motion filed by the defendants directed at the propriety of the malicious prosecution claim shall be through Fed.R.Civ.P. 56, not Fed.R.Civ.P.

1    (2) The parties shall exchange their respective initial disclosures pursuant

2  to Fed.R.Civ.P. 26(a)(1), and file a notice of such exchange, no later than

3  **January 25, 2010**.  The plaintiffs shall disclose their expert witnesses, if any, and

4  their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **March 5,**

5  **2010**.  The defendants shall disclose their expert witnesses, if any, and their

6  reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **April 16, 2010**.

7  Rebuttal experts and their reports, if any, shall be disclosed no later than **May 28,**

8  **2010**.  Expert witness depositions shall be completed by **June 18, 2010**.

9    (3) All discovery, including answers to interrogatories, shall be completed

10  by **July 9, 2010**, and supplemental disclosures and discovery responses shall

11  thereafter be made as required by Fed.R.Civ.P. 26(e).  Discovery which cannot

12  be timely responded to prior to the discovery deadline will be met with disfavor,

13  and could result in denial of an extension, exclusion of evidence, or the imposition

14  of other sanctions.  Parties are directed to LRCiv 7.2(j), which prohibits filing

15  discovery-related motions unless the parties have first met to resolve any

16  discovery difficulties.  If parties cannot reach a resolution of discovery disputes

17  arising during depositions, they are directed to arrange a conference call with the

18  Court to resolve the disputes.

19    (4) All dispositive motions shall be filed by **August 2, 2010**.[3]

20    (5) A Joint Pretrial Statement shall be filed by **September 3, 2010**.  If

21  dispositive motions are filed, then this Joint Pretrial Statement shall be due either

---

23  12(b).

24

25    [3]

26    In order to conserve scarce judicial resources, the parties are directed to
promptly inform the Court if they are involved in negotiations which they
reasonably believe may make the resolution of <u>any pending motion</u> unnecessary.

27    Counsel are advised that the Chambers' e-mail box, established pursuant
to the Court's CM/ECF rules, is to be used solely for the purpose of sending

28  proposed orders to the Court, **and is NOT to be used as a means of
communicating with Chambers' staff**.

on the above date or 30 days following the resolution of the motions, whichever is later.  The content of the Joint Pretrial Statement shall include, but not be limited to, that prescribed in a standard form of Joint Pretrial Statement provided to the parties.  The parties shall augment the Joint Pretrial Statement as necessary so it contains all of the pretrial disclosures as defined and required by Fed.R.Civ.P. 26(a)(3).  It shall be the responsibility of the plaintiffs to timely initiate the process of drafting the Joint Pretrial Statement and the plaintiffs shall submit their draft of the Joint Pretrial Statement to the defendants no later than ten business days prior to the date for filing the Joint Pretrial Statement.

(6) Motions in limine shall be filed no later than the date of filing of the Joint Pretrial Statement.  Responses to motions in limine are due ten business days after service.  No replies are permitted.  The hearing on the motions in limine, if one is permitted by the Court, will take place at the time of the Pretrial Conference.  No motion in limine shall be filed unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

(7) The attorneys for each party who will be responsible for trial of the lawsuit, or the parties if pro per, shall appear and participate in a final Pretrial Conference on **Monday, October 4, 2010, at 11:30 a.m.**  Because Pretrial Conferences are held for the parties' benefit, and further because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference.  If dispositive motions are filed, the Court will continue the date of the Pretrial Conference, if one is still necessary, until after the resolution of such motions and the filing of a Joint Pretrial Statement.

(8) Unless otherwise ordered by the Court, the parties' trial briefs, proposed findings of fact and conclusions of law or proposed jury instructions and proposed voir dire questions shall be filed no later than **October 13, 2010**.[4]

(9) Unless otherwise ordered by the Court, the trial of this action shall commence on **Tuesday, October 26, 2010, at 9:00 a.m.,** in Courtroom 601 of the Sandra Day O'Connor United States Courthouse in Phoenix, AZ.

(10) **The parties are cautioned that the deadlines set in this Scheduling Order shall be enforced, and that the Court will not entertain any stipulations to continue them - any request to extend any of the deadlines set herein must be made by means of a motion, joint or otherwise, and no such motion shall be granted unless very good cause is shown.**

DATED this 15th day of December, 2009.


_____
Paul G. Rosenblatt
United States District Judge

---

[4]

The trial brief shall raise all significant disputed issues of law and fact, including foreseeable procedural and evidentiary issues, and shall set forth the party's positions thereon with supporting arguments and authorities.

A form with instructions regarding the marking, listing and custody of exhibits, and a form with instructions regarding the submission of jury instructions, shall be given to counsel at the Pretrial Conference.