**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karlsson Group, Inc., et al., ) | |
| Plaintiffs, ) | No. CV-07-0457-PCT-PGR |
| vs. ) | |
| Langley Farm Investments, LLC, et ) al., ) | ORDER |
| Defendants. ) | |

Among the motions pending before the Court are the Langley Farm Investments, LLC-related defendants' Motion for Summary Judgment (Doc. 166), the Van Wagner Defendants' Motion for Summary Judgment (Doc. 149), the plaintiffs' Motion for Summary Judgment, or, in the Alternative Summary Adjudication of Issues (Doc. 168), and the plaintiffs' Motion to Compel Discovery and for Payment of Fees and Expenses (Doc. 163).  Having considered the parties' memoranda in light of the evidence of record, the Court finds that there are no disputed issues of material fact and that the defendants are entitled to entry of summary judgment in their favor as a matter of law pursuant to Fed.R.Civ.P. 56.[1]

---

[1]

While some of the parties have requested oral argument on the

<u>Background</u>[2]

This action is one of five related lawsuits that have arisen from the disputed sale of 5,075 acres of land known as the Petrified Forest Ranch in Apache County, Arizona ("the property.")  PFR, LLC, ("PFR"), the seller of the property, entered into a brokerage agreement in December 2003 with real estate broker Millard "Mickey" Oksner to sell the property.  In October 2004, Oksner signed a letter agreement with the Karlsson Group, through its president, Anders Karlsson (collectively "Karlsson"), regarding Karlsson's purchase of the property.  When the parties could not thereafter agree on the terms of a formal contract, Karlsson asserted that the letter agreement was a valid contract while PFR asserted that it was not because Oksner lacked the authority to enter into a binding agreement and because PFR's membership had not approved the transaction.

Meanwhile, in November 2004, PFR entered into a contract to sell the property to ACRES4U Land & Development, LLC ("ACRES4U"), which was operating on behalf of Langley Farm Investments, LLC ("Langley").  Given PFR's dispute with Karlsson, PFR's contract with ACRES 4U contained a provision, known as paragraph 20(B), that made PFR's duty to perform under the contract conditional on PFR not being obligated to sell the property to anyone else and on no other party claiming that PFR was obligated to sell the property to anyone else.

_____

summary judgment motions, the Court concludes that a hearing would not aid the decisional process because the facts and legal contentions are adequately presented in the numerous materials submitted to the Court.

[2]     Since the parties are familiar with the facts of this case, the Court references the facts here only as they may be relevant to the Court's disposition of the pending motions.

1    On January 11, 2005, Karlsson filed a lawsuit, which was improperly based
2    on diversity of citizenship jurisdiction, in the U.S. District Court for the Central
3    District of California, Karlsson v. Petrified Forest Ranch, LLC, 2:05-cv-00238-R-
4    RC ("Karlsson I"), against PFR, two individuals associated with PFR, and Oksner.
5    The complaint, which alleged that the defendants had breached the letter
6    agreement signed by Oksner, sought specific performance of the letter
7    agreement and to enjoin PFR from selling the property to anyone except
8    Karlsson.  The complaint also alleged that Oksner was estopped from denying his
9    agency authority from PFR and, to the extent that he lacked the authority to enter
10   into the letter agreement on PFR's behalf, that he had defrauded Karlsson; it
11   further alleged that PFR and Oksner had conspired to stop Karlsson from buying
12   the property.

13   In early February 2005, PFR notified ACRES4U that it was cancelling their
14   contract pursuant to paragraph 20.  ACRES4U refused to accept the cancellation,
15   and assigned its interest in the contract to Langley in late February 2005.  On
16   February 28, 2005, an ACRES4U representative telephoned PFR's attorney
17   Richard Keyt and threatened litigation if PFR did not sell the property to it or its
18   assignee Langley.

19   Although PFR's managers still did not believe that PFR was bound by the
20   letter agreement that Oksner had signed with Karlsson, PFR nevertheless
21   entered into a stipulated settlement of Karlsson I for economic reasons, and the
22   California district court entered an order on March 18, 2005 that dismissed "the
23   entire action as to all defendants, with prejudice" pursuant to Fed.R.Civ.P. 41.

24   Pursuant to the settlement agreement, PFR agreed to sell the property to
25   Karlsson and Karlsson agreed to indemnify PFR against litigation by ACRES4U

26

- 3 -

and Langley; the settlement agreement also provided that any indemnified claims would be assigned to Karlsson.  PFR conveyed the property to Anders Karlsson by special warranty deed on March 3, 2005 and the deed was recorded in Apache County on March 10, 2005.

On March 11, 2005, Langley, through its counsel Albert Van Wagner (who signed the complaint on March 8, 2005), filed an action against PFR in the Apache County Superior Court (No. CV 2005-034) wherein it alleged claims for specific performance of the November 2004 land sale agreement, breach of contract, breach of implied duty of good faith, and consumer fraud; Langley recorded a notice of lis pendens on the property in Apache County on March 15, 2005.  At the time the lawsuit was filed, Langley was unaware that PFR had sold the property to Karlsson.  Due to Karlsson's indemnification agreement with PFR, Karlsson entered into a joint legal representation agreement with PFR that resulted in Karlsson funding PFR's defense of Langley's lawsuit and providing its counsel, Meir Westreich, as PFR's lead counsel in that action.  PFR moved for summary judgment, arguing that it had been released from its obligation to sell the property to ACRES4U pursuant to paragraph 20(B) of the contract because Karlsson contended that PFR was obligated to sell it the property.  The superior court subsequently entered summary judgment for PFR on April 24, 2006, finding that paragraph 20(B) of the contract permitted PFR to cancel the contract given Karlsson's contention that it had the priority claim to the property.  Langley appealed the summary judgment ruling on May 10, 2006, and the Arizona Court of Appeals affirmed the granting of summary judgment to PFR on December 31, 2007, finding that PFR's duty to perform under the contract did not arise unless both conditions precedent had been met and that even if PFR was not obligated

- 4 -

1    to sell the property to Karlsson and the first condition had been met, the second

2    condition had not been met because Karlsson claimed that PFR was obligated to

3    sell it the property.  Langley released the notice of lis pendens on February 7,

4    2008.

5         PFR and Karlsson jointly filed an Amended and Supplemental  Motion for

6    Attorneys' Fees and for Nontaxable Costs with the Apache County Superior Court

7    in August 2006.[3]  The motion sought fees and costs from Langley pursuant to the

8    terms of PFR's contract with ACRES4U, and against both Langley and Van

9    Wagner as a sanction pursuant to A.R.S. § 12-341.01(C) and A.R.S. § 12-349 on

10   the grounds that Langley's claims constituted harassment, were groundless and

11   were not made in good faith.  The superior court, after holding an evidentiary

12

13   _____

         [3]

14        Langley, having learned after the commencement of the state court
     action that PFR no longer owned the property, and in light of PFR's argument that
15   Karlsson was an indispensable party to the action, requested leave to amend its
     complaint to add Karlsson as a defendant and the superior court granted that
16   motion in its summary judgment ruling issued on April 24, 2006.  But because
     that same order granted summary judgment to PFR on ground that paragraph
17   20(B) of the PFR/ACRES4U contract permitted PFR to withdraw from the
     contract, no amended complaint was filed.  Nevertheless, PFR and Karlsson
18   began jointly filing documents with the superior court in mid-May, 2006, including
     their request for attorneys' fees, and the superior court's judgment of June 9,
19   2006, drafted by PFR and Karlsson, granted Langley's motion to amend its
     complaint to add Karlsson as a defendant and entered judgment in favor of PFR
20   and Karlsson. Langley objected to PFR/Karlsson's form of judgment, arguing in
     part that Karlsson had never been made a party to the action because no
21   amended complaint had ever been filed and that the superior court had no
     jurisdiction to enter the judgment due to the pendency of the appeal. Because of
22   the wording of the judgment, both PFR and Karlsson were named as appellees in
     Langley's appeal. The court of appeals subsequently vacated the judgment as
23   being issued without jurisdiction.

24

25

26

hearing, denied the request for sanctions on October 13, 2006, concluding that Langley's action was not frivolous.[4]  PFR and Karlsson initially filed a cross-appeal as to this ruling but subsequently withdrew the cross-appeal.

On April 4, 2005, Karlsson filed a second action in the U.S. District Court for the District of California in part against Langley, ACRES4U, and Oksner arising from  ACRES4U and Langley's attempt to purchase the property from PFR.  The complaint alleged claims for interference with contract and/or business opportunity, extortion, abuse of process, interference with quiet enjoyment of property, and conspiracy; the complaint sought both compensatory and punitive damages.  The action was dismissed by the California district court on October 3, 2005 for lack of prosecution.

Langley filed a second suit on February 28, 2007 in Apache County Superior Court, alleging claims against Karlsson and his attorney Meir Westreich for intentional interference with contract and to quiet title to the property.  Langley voluntarily dismissed the action on February 11, 2008 after the Arizona Court of Appeals decided in favor of PFR in Langley's earlier state court action.

Karlsson commenced the instant action on February 28, 2007 against Langley, Langley's counsel Albert Van Wagner and his law firm, ACRES4U and

---

[4]

Although the Apache County Superior Court, on June 9, 2006, awarded attorneys' fees to PFR and Karlsson pursuant to A.R.S. § 12-341.01(C) upon a finding by clear and convincing evidence that claims made in Langley's first state court action constituted harassment, were groundless, and were not made in good faith by Langley and Van Wagner, the Arizona Court of Appeals vacated that order as being issued without jurisdiction due to the pendency of the appeal. The superior court granted Langley's motion for a new trial on the issue of attorneys' fees on July 27, 2006, and the court of appeals subsequently suspended the appeal retroactive to July 27, 2006 and authorized the superior court to resolve the attorneys' fees issue.

various related companies and individuals, and Oksner.  As a result of
stipulations, all of Karlsson's claims against the Oksner and the ACRES4U-
related defendants have been dismissed with prejudice.  The Langley and Van
Wagner-related defendants are the sole remaining defendants.[5]

In an opinion entered on September 8, 2008 (Doc. 106), the Court
dismissed all of the claims in Karlsson's First Amended Complaint relevant to the
Langley and Van Wagner-related defendants with the exception of Claim No. 1
(Interference with Contracts and/or Business Opportunities).

Discussion

A.  Langley's Motion for Summary Judgment

In its Motion for Summary Judgment, Langley seeks the dismissal of
Karlsson's remaining claim for intentional interference with contract and business
opportunities.  According to Karlsson, this claim, as it applies to Langley, asserts
Karlsson's personal claims against Langley for interfering with Karlsson's
contract/business opportunities with PFR commencing on February 28, 2005.
The gist of the claim is that ACRES4U's threat to PFR, made on behalf of
Langley, to sue PFR if PFR did not sell the property to it substantially increased
the price of Karlsson's purchase of the property and its legal expenses because
PFR conditioned the sale to Karlsson in part on Karlsson's agreement to
indemnify it against any ACRES4U/Langley lawsuit, and that Langley's
subsequent suit against PFR in the Apache County Superior Court and its filing of

---

[5]       The remaining defendants are the Langley-related defendants,
consisting of Langley Farm Investments, LLC, Langley Petrified Forest Ranch,
LLC, Langley Land, LLC, Largo Ventures, LLC, Steven G. Rees, Stacy J.
Brimhall, and Parshelle S. Brimhall, and the Van Wagner-related defendants,
consisting of Albert E. Van Wagner, Jr., P.C., and Albert E. Van Wagner.

the lis pendens further increased Karlsson's costs related to the property and interfered with its economic exploitation of the property.

In Arizona, "[t]ort liability may be imposed upon a defendant who intentionally and improperly interferes with the plaintiff's rights under a contract with another if the interference causes the plaintiff to lose a right under the contract." Snow v. Western Savings & Loan Ass'n, 730 P.2d 204, 211 (Ariz. 1986).   In order to establish a claim for intentional interference with contract and/or business expectancy, Karlsson must provide facts sufficiently showing: (1) the existence of a valid contractual relationship or business expectancy; (2) Langley's knowledge of the relationship or expectancy; (3) intentional interference by Langley inducing or causing a breach or termination of the relationship or expectancy; (4) resultant damage to it caused by the disruption of its relationship or expectancy; and (5) that Langley acted improperly. Id.; Dube v. Likins, 167 P.3d 93, 98 (Ariz.App.2007).

Langley argues, and the Court concurs, that the dispositive issue regarding the propriety of Karlsson's intentional interference claim is the "acted improperly" factor.  Langley initially argues that it is entitled to summary judgment as a matter of law because Karlsson is collaterally estopped from arguing that Langley acted improperly in litigating the state court action.  The gist of Langley's contention is that Karlsson cannot relitigate the issue of whether the Apache County lawsuit constituted harassment and was groundless, or whether it was reasonable and brought in good faith because the Apache County Superior Court, in a ruling dated October 13, 2006, found that attorneys' fees and costs could not be awarded against Langley as a sanction because Langley's state court lawsuit against PFR was not frivolous.

1
2
3
4
5

Under the governing Arizona law, In the Matter of Lockard, 884 F.2d 1171, 1174 (9th Cir.1989) ("[A] federal court must give a state court judgment the same preclusive effect it would receive in that state."), collateral estoppel (issue preclusion) prevents a party from relitigating an issue that has already been decided.  It is properly invoked when

6
7
8

> the issue is actually litigated in the previous proceeding, there is a full and fair opportunity to litigate the issue, resolution of such issue is essential to the decision, there is a valid and final decision on the merits, and there is a common identity of the parties.

9
10
11
12

State ex rel. Winkleman v. Arizona Navigable Stream Adjudication Comm'n, 229 P.3d 242, 256 (Ariz.App.2010).  The burden of establishing the propriety of invoking collateral estoppel falls on Langley. Brown v. Industrial Comm'n of Arizona, 19 P.3d 1237, 1240 (Ariz.App.2001).

13

1. Procedural Issues

14
15
16
17
18
19
20
21
22
23
24
25

Karlsson initially argues that this preclusion defense fails on two procedural grounds.  First, Karlsson contends that Langley has waived this issue because it failed to raise collateral estoppel as an affirmative defense.  The Court concludes that there was no waiver because the Langley and Van Wagner-related defendants' answer (Doc. 111) to the First Amended Complaint raised the affirmative defense of "estoppels" which, while minimal, was sufficient to alert Karlsson to the collateral estoppel defense. See Fed.R.Civ.P. 8(c) (lists "estoppel" as an affirmative defense); Allen v. A.H. Robins Co., 752 F.2d 1365, 1371 n.3 (9th Cir.1985) (noting that it is not always necessary under Rule 8(c) "to use the term 'equitable estoppel' in the pleadings in order to satisfy the requirement that the affirmative defense of estoppel be pleaded.")  Furthermore, Karlsson was not prejudiced by the failure of the defendants' answer to

26

- 9 -

1   specifically list "collateral estoppel" as an affirmative defense because the parties'

2   original and amended Joint Case Management Reports (Doc. 114 and 129), filed

3   before the commencement of discovery, both noted that the affirmative defense

4   of "estoppel" had been raised and that the defendants anticipated filing a

5   dispositive motion on issue preclusion.

6          Second, Karlsson contends that an issue preclusion defense is improper

7   because Langley has failed to produce a sufficient record of the relevant state

8   court proceedings.  The Court disagrees.  There is no requirement that the entire

9   record of the prior litigation be submitted into evidence before the validity of

10  Langley's collateral estoppel defense can be determined; rather, Langley's

11  burden is to introduce "a record sufficient to reveal the controlling facts and

12  pinpoint the exact issues litigated in the prior action." Takahashi v. Bd. of

13  Trustees of Livingston Union School Dist., 783 F.2d 848, 850 (9th Cir.), *cert.*

14  *denied*, 476 U.S. 1182 (1986).  Having reviewed the submitted portions of the

15  state court record scattered throughout the record of this action, the Court

16  concludes that the record before it is sufficient to permit it to understand what

17  issues were litigated before, and determined by, the Apache County Superior

18  Court in its attorneys' fees ruling underlying Langley's estoppel defense.

19         2. Identity of Parties

20         Karlsson also argues that collateral estoppel is not appropriate because

21  there is no identity of parties in both actions inasmuch as it was not a party to the

22  underlying state court action.  For collateral estoppel purposes, the preclusive

23  effect of a judgment is limited to parties and persons in privity with parties.

24  Arizona Navigable Stream Adjudication Comm'n, 229 P.3d at 256.  While the

25  Court agrees that Karlsson was not a named party to the underlying state court

26

- 10 -

action, the Court concludes as a matter of law that Karlsson was in privity with PFR at the time the state court order at issue was entered.

Arizona recognizes several exceptions to the general rule that a judgment does not bind a non-party, at least two of which are applicable here: first, a person in certain pre-existing legal relationships with a party, such as indemnitor and indemnitee, may be bound by a judgment affecting that person, and second, "a non-party may be bound by the judgment in an action when he is involved with it in a way that falls short of becoming a party but which justly should result in his being denied opportunity to relitigate the matters previously in issue." State ex rel. Thomas v. Grant, 213 P.3d 346, 350-51 (Ariz.App.2009) (internal quotation marks omitted); Restatement (Second) of Judgments § 62.  See also, Hall v. Lalli, 977 P.2d 776, 779 (Ariz.1999) ("Finding privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship ... in which the interests of the non-party are presented and protected by the party in the litigation.") (internal quotation marks omitted).

In this case, it is appropriate to bind Karlsson to the findings made by the Apache County Superior Court because it is undisputed that due to the indemnification and representation agreements that Karlsson entered into with PFR as a result of Langley's state court action against PFR, Karlsson actively participated in that action by controlling PFR's defense, subsidizing that defense, and requiring that its own counsel be PFR's lead defense counsel, and by joining with PFR in seeking sanctions against Langley. See Montana v. United States, 440 U.S. 147, 154, 99 S.Ct. 970, 974  (1979) (noting with regard to the doctrine of collateral estoppel that a nonparty who defends a suit in the name of another to establish and protect his own right, or who assists in the defense of an action in

1   aid of some interest of his own, is as much bound by the judgment as he would

2   be if he had been a party of record); Restatement (Second) of Judgments § 39

3   ("A person who is not a party to an action but who controls or substantially

4   participates in the control of the presentation on behalf of a party is bound by the

5   determination of issues decided as though he were a party.")

6       3. Identity of Issues

7       Karlsson also argues in effect that collateral estoppel is not appropriate

8   here because the relevant issue decided by the Apache County Superior Court is

9   not sufficiently identical to the "acted improperly" element in the intentional

10  interference claim in this action.  The Court disagrees, and concludes that the

11  "identity of issues" prong of the collateral estoppel test has been satisfied here.

12      Collateral estoppel precludes relitigation of an issue actually litigated and

13  determined in the prior suit, regardless of whether it was based on the same

14  cause of action as the second suit.  Kordsiemon v. Christianson, 735 P.2d 827,

15  829 (Ariz.App.1986).  Collateral estoppel applies to all issues which were in the

16  earlier case even though some factual matters and legal arguments which could

17  have been presented were not. Barassi v. Matison, 656 P.2d 627, 630 (Ariz.App.

18  1982).

19      The Apache County Superior Court ruling at issue came as a result of PFR

20  and Karlsson's Amended and Supplemental Motion for Attorneys' Fees and for

21  Nontaxable Costs, filed August 23, 2006.[6]   In relevant part, the motion sought

22

---

23      [6]

24          The motion was brought by "Defendants Petrified Forest Ranch, LLC,
    Anders Karlsson and Karlsson Group, Inc." against "Plaintiff Langley Farm
    Invests, LLC and its counsel, Albert E. Van Wagner, jointly and severally[.]" The
25  motion sought $125,967.25 in attorneys' fees and $13,377.25 in nontaxable
    litigation costs.  The motion is part of the record of this action.

26

fees and costs against Langley and Van Wagner as a sanction pursuant to both A.R.S. §12-341.01(C) and A.R.S. § 12-349(A)(1-3) on the grounds that Langley's claims in the state court suit "constituted harassment, were groundless and were not made in good faith[.]"  Karlsson's position was in effect based on its contention that Langley never had any legal or factual support for its argument that it was entitled to specifically enforce the PFR/ACRES4U contract, or for any of its related arguments, given the plain language of paragraph 20(B) of that contract.

A.R.S. § 12-341.01(C) permits the award of attorneys' fees if a claim constitutes harassment, is groundless, and is not made in good faith.  The statute evidences a legislative intent to defer groundless and vexatious lawsuits and all three elements must be present before an award is appropriate. Gilbert v. Bd. of Medical Examiners of State of Arizona, 745 P.2d 617, 628 (Ariz. App.1987) (abrogated by statute on other grounds).  While the standard for determining the "groundless" element is an objective one, the standard for determining the "good faith" and "intent to harass" elements is a subjective one. Id.  A.R.S. § 12-349(A), in relevant part, permits an award of fees in which a lawyer or party (1) brings a claim "without substantial justification" (defined by § 12-349(F) to mean one that "constitutes harassment, is groundless and is not made in good faith"), or (2) brings a claim "solely or primarily for delay or harassment," or (3) "unreasonably expands or delays the proceeding."  The determination of whether fees are awardable under § 12-349 is guided by the factors set forth in A.R.S. § 12-350, which  include such factors as "whether the action was prosecuted ... in whole or in part, in bad faith" and "whether issues of fact determinative of the validity of a party's claim ... were reasonably in conflict."

1    The Apache County Superior Court issued the following order on October

2    13, 2006:

3        The Court, having granted a new trial on the issue of attorneys fees
         and costs hereby makes the following findings and rulings:

4
         1.  The only issue before the Court is whether attorneys fees
5    and costs as sanctions should be granted.
         2.  Plaintiff's lawsuit was based on a good faith belief that
6    Plaintiffs [sic] had a breach of contract claim against defendants and
     that the Breach of Covenant of good faith and consumer fraud claims
7    were extensions of the Breach of Contract claim.  This position was
     not frivolous or reasonable [sic].

8
         Therefore the request for attorneys fees and costs as sanctions is
9    denied.

10   Given the superior court's finding that Langley had a non-frivolous good

11   faith belief that it had a proper basis to sue PFR in order to enforce the

12   ACRES4U contract with PFR, the issue is whether that finding is sufficient to

13   preclude Karlsson's present claim that Langley tortiously interfered with

14   Karlsson's contract with PFR because Langley had an improper purpose for

15   suing PFR.  The establishment of the "acted improperly" element of Karlsson's

16   intentional interference claim in the context of this action cannot be met if

17   Langley, with regard to its initial state court litigation, (1) had or honestly believed

18   that it had a legally protected interest, (2) which it in good faith asserted or

19   threatened to protect, and (3) it threatened to protect it by proper means.  Snow v.

20   Western Savings & Loan Ass'n, 730 P.2d at 212-13; McReynolds v. Short, 564

21   P.2d 389, 394 (Ariz.App.1977).  See Safeway Ins. Co. v. Guerrero, 106 P.3d

22   1020, 1028 (Ariz.2005) (Court, relying on Restatement (Second) of Torts § 767

23   cmt. c with regard to the "improper motive" element of a tortious interference

24   claim, noted that "bringing a civil suit is an improper inducement to breach a

25   contract only when the suit itself is brought in bad faith[.]"); Restatement (Second)

26

- 14 -

of Torts § 767 cmt. c ("The use of these weapons of inducement (civil suits) is ordinarily wrongful if the actor has no belief in the merit of the litigation or if, though having some belief in its merit, he nevertheless institutes or threatens to institute the litigation in bad faith, intending only to harass the third parties and not to bring his claim to definitive adjudication.")

Where, as here, there is a lack of total identity between the issue litigated in the first action and the issue raised in the second action, the Court looks to several factors in determining whether the issues are sufficiently identical for collateral estoppel purposes: (1) whether there is a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first proceeding; (2) whether the new evidence or argument involves application of the same rule of law as that involved in the prior proceeding; (3) whether pretrial preparation and discovery relating to the matter presented in the first action can reasonably be expected to have embraced the matter sought and presented in the second proceeding; and (4) how closely related are the claims involved in the two proceedings. Restatement (Second) of Judgment § 27 cmt c.  Applying these factors, all of which support the application of collateral estoppel under the facts of this action, the Court concludes that there is an identity of issues for collateral estoppel purposes inasmuch as the issue underlying Karlsson's attorneys' fees sanction request is sufficiently indistinguishable from the issue underlying the "acted improperly" aspect of its intentional interference claim given that both are based on the premise that Langley did not have a good faith basis for threatening to sue PFR, actually suing PFR, and maintaining the litigation against PFR given the two conditions precedent set forth in paragraph 20(B) of the PFR/ACRES4U contract.  The

1  evidence of the litigation-related bad faith needed to sustain both claims is

2  essentially identical, and there is no practical difference in the concept of bad

3  faith common to both issues.

4      4.  Identity of Standards of Proof

5      Karlsson further argues that the use of collateral estoppel is improper

6  because the burden of proof required for establishing the propriety of awarding

7  attorney fees as a sanction for litigating in bad faith is higher than that required for

8  establishing that a party acted improperly for purposes of establishing an

9  intentional interference claim.  While collateral estoppel is generally not

10  applicable unless the issue in the prior action was litigated under the same or a

11  less rigorous standard of proof than that required in the present action, *see*

12  Restatement (Second) of Judgments § 28(4), the Court is not persuaded that this

13  rule is applicable here.

14      Although Karlsson is correct that awarding attorney fees under A.R.S. § 12-

15  341.01(C) as a sanction requires "clear and convincing evidence" that the claim

16  at issue constituted harassment, was groundless, and was not made in good

17  faith, it is clear that establishing the equivalent "without substantial justification"

18  claim under A.R.S. § 12-349(A) requires proof only by a preponderance of the

19  evidence that the claim at issue constituted harassment, was groundless, and

20  was not made in good faith. In re Estate of Stephenson, 173 P.3d 448, 453

21  (Ariz.App.2007); an intentional interference claim also requires proof only by a

22  preponderance of the evidence.  Wells Fargo Bank v. Arizona Laborers,

23  Teamsters and Cement Masons Local No. 395 Pension Trust Fund, 38 P.3d 12,

24  34 and n.21 (Ariz.2002).

25      PFR and Karlsson sought attorneys' fees as a sanction in the state court

26

- 16 -

1   case pursuant to both A.R.S. § 12-341.01(C) and § 12-349(A).  While the

2   superior court did not reference either statute in its order finding that sanctions

3   were not appropriate because Langley's litigation was not frivolous, it is not

4   reasonable to infer, as Karlsson would have this Court do, that the superior court

5   only determined that the "clear and convincing" standard of § 12-341.01(C) had

6   not been met.  In order to also deny attorneys' fees under §12-349(A), the

7   superior court necessarily had to determine that the "preponderance of the

8   evidence" standard had not been met by PFR and Karlsson, which is the same

9   standard of proof applicable to the "acted improperly" element at issue in this

10  action.

11          5.   Opportunity for Full and Fair Litigation

12          Karlsson also cursorily argues that collateral estoppel is inappropriate

13  because the superior court's finding that Langley had litigated the state court

14  action in good faith was made in a post-judgment procedure which did not permit

15  full litigation and discovery.  Nothing in the record before it persuades the Court

16  that Karlsson and PFR did not have a full and fair opportunity to litigate the

17  propriety of Langley's state court action  inasmuch as the sanctions issue arose

18  after the state court action had proceeded through the summary judgment stage

19  and the superior court did not rule on the sanctions issue until after it had

20  conducted an evidentiary hearing.

21          Relatedly, the Court concludes that the general lack of good faith issue

22  concerning the prosecution of the state court case was actually litigated in that

23  action for collateral estoppel purposes as it was properly raised by motion and

24  briefed by the parties, it was submitted to the superior court for determination,

25  and it was determined by that court, Chaney Building Co. v. City of Tucson, 716

26

P.2d 28, 30 (Ariz.1986); Restatement (Second) of Judgments § 27, cmt. d, and it was essential to the state court's sanctions-related decision.  Furthermore, the superior court's order determining that Langley litigated the state court action in good faith constitutes a "judgment" for collateral estoppel purposes given that it was a written order, it was signed by the judge, it was filed with the clerk of the court, and it was subject to appeal. In the Matter of Lockard, 884 F.2d at 1176.

The Court thus concludes as a matter of law that Karlsson is precluded from arguing in this action that Langley acted improperly in bringing and litigating its initial state court action and that the Langley-related defendants are entitled to summary judgment in their favor on Claim No. 1 of the First Amended Complaint.

B.  Van Wagner Defendants' Motion for Summary Judgment

The Van Wagner defendants ("Van Wagner") also seek summary judgment on the remaining intentional interference claim against them, which is Claim No. 1 of the First Amended Complaint.  According to Karlsson, this claim only alleges that Van Wagner intentionally interfered with Karlsson's business opportunities arising from its purchase of the property; it does not involve any interference with a contract allegation.  The gist of Karlsson's contention is that Van Wagner, while acting as Langley's litigation counsel in the state court action, knowingly used improper pleading manipulations amounting to an unethical use of the legal system to order to aid and abet Langley's interference with Karlsson's ability to use the property for his business purposes.

Based on its determination that Karlsson is precluded from relitigating in this action the issue of the propriety of the state court action, the Court also concludes as a matter of law that Karlsson cannot establish that Van Wagner acted improperly by assisting Langley in litigating that action.  The sanctions

1   motion that the Apache County Superior Court denied was brought by Karlsson

2   and PFR against both Langley and Van Wagner, and in denying that motion the

3   superior court necessarily had to determine that Van Wagner did not bring a

4   harassing, groundless, and bad faith state court action.

5   C.  Karlsson's Motion for Summary Judgment

6          Karlsson seeks summary judgment, or alternatively summary adjudication,

7   on some 36 facts, set forth in a statement of facts, which it conclusorily asserts

8   the defendants should not be allowed to contest in this action due to the doctrines

9   of claim and issue preclusion as those facts have already been adjudicated by

10  either the Apache County Superior Court and/or the Arizona Court of Appeals as

11  a result of Langley's state court lawsuit.  The Court declines to resolve the merits

12  of the motion for two reasons.  First, as Langley correctly points out, Karlsson's

13  motion does not contain any analysis at all as to why the facts selected by

14  Karlsson, many of which Langley asserts are either wrong or controverted, are

15  precluded by either res judicata or collateral estoppel.[7]  Second, Karlsson's

16  motion is moot as a practical matter given the Court's resolution of the pending

17  summary judgment motions.

18  D.  Karlsson's Motion to Compel Discovery

19          Karlsson has moved to compel additional discovery from the Langley and

20  Van Wagner-related defendants, as well as from various nonpareils associated

21

22  _____

          [7]

23          Although Karlsson has made some effort in its reply memorandum to
    analyze the claim and issue preclusion doctrines as they apply to the facts
24  selected by Karlsson, that effort is too late.  As the Court informed the parties in
    an earlier order resolving dispositive motions, the Court will not consider
25  arguments raised for the first time in a reply brief that could have been, and
    should have been, raised in the initial motion.
26

- 19 -

with Robert Worsley, who is a large landowner in northeastern Arizona who has been involved in some land purchases with Langley, generally related to the defendants' contention that the state court action against PFR was litigated in good faith in furtherance of Langley's legitimate economic interests.  Because the defendants' motivation for suing PFR in the state court action is no longer at issue as a result of the Court's resolution of the pending summary judgment motions, and because the discovery sought would not have changed the outcome of the Court's collateral estoppel ruling even if Karlsson had timely obtained that discovery, the Court will deny the motion as moot.

E.  Van Wagner Defendants' Motion for Rule 11 Sanctions

The Van Wagner-related defendants ("Van Wagner") have moved for sanctions pursuant to Fed.R.Civ.P. 11 against Langley and its counsel Meir Westreich on the grounds that the claims in this action against Van Wagner are frivolous and were brought in retaliation for Van Wagner bringing Langley's state court lawsuit against PFR.[8]  Langley and Westreich have moved to stay their response to the motion pending the Court's resolution of the summary judgment motions.  Notwithstanding that the Rule 11 motion has not been fully briefed, the Court finds that the motion is procedurally defective and should be summarily denied.

In order to comply with Fed.R.Civ.P. 11(c)(2)'an s "safe harbor" procedural requirement, a party moving for Rule 11 sanctions must serve its sanctions motion on the opposing party with a demand for retraction of the allegedly

---

[8]     The Court notes that Van Wagner's position appears incongruous given that Langley, with Van Wagner as its counsel, filed an intentional interference with contract claim in Langley's second state court action against Karlsson's counsel Westreich on the same day that the instant action was filed.

offending allegations and then allow that party at least 21 days to retract or correct the pleading before filing the sanctions motion with the court.  Winterrowd v. American General Annuity Ins. Co., 556 F.3d 815, 826 (9th Cir.2009); Radcliffe v. Rainbow Construction Co., 254 F.3d 772, 788-79 (9th Cir.), cert. denied, 534 U.S. 1020 (2001).  The Court is required to strictly enforce Rule 11's safe harbor provision, Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir.2005), and a failure on the part of the moving party to comply with the provision precludes an award of Rule 11 sanctions, Winterrowd, 556 F.3d at 826; Radcliffe, 254 F.3d at 789, even if the underlying filing is frivolous. Holgate, 425 F.2d at 678.  The Court concludes that Van Wagner is not entitled to Rule 11 sanctions because there is nothing in the sanctions motion that establishes that Van Wagner met the safe harbor procedural requirement by serving the motion on Karlsson and Westreich at least 21 days in advance of filing the motion with the Court.

Therefore,

IT IS ORDERED that Van Wagner Defendants' Motion for Summary Judgment (Doc. 149) is granted and that Claim No. 1 of the First Amended Complaint for Damages and Equitable Relief (Interference with Contracts and/or Business Opportunities) is dismissed as to defendants Albert E. Van Wagner and Albert E. Van Wagner, Jr., PC.

IT IS FURTHER ORDERED that the plaintiffs' Motion to Compel Discovery and for Payment of Fees and Expenses (Doc. 163) is denied.

IT IS FURTHER ORDERED that the Langley Farm Investments, LLC-related defendants' Motion for Summary Judgment (Doc. 166) is granted and that Claim No. 1 of the First Amended Complaint for Damages and Equitable Relief (Interference with Contracts and/or Business Opportunities) is dismissed as to

defendants Langley Farm Investments, LLC, Langley Petrified Forest Ranch, LLC, Langley Land, LLC, Largo Ventures, LLC, Steven G. Rees, Stacy J. Brimhall, and Parshelle S. Brimhall.

IT IS FURTHER ORDERED that the plaintiffs' Motion for Summary Judgment or, in the Alternative Summary Adjudication of Issues (Doc. 168) is denied.

IT IS FURTHER ORDERED that the plaintiffs' Motion for Joint Oral Argument in Summary Judgment Motions (Doc. 175) is denied.

IT IS FURTHER ORDERED that Van Wagner Defendants' Motion for Rule 11 Sanctions (Doc. 177) is denied.

IT IS FURTHER ORDERED that the plaintiffs' Motion to Stay Proceedings re Van Wagner Motion for Sanctions, or to Enlarge Time for Filing Opposition (Doc. 201) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment in favor of remaining defendants Langley Farm Investments, LLC, Langley Petrified Forest Ranch, LLC, Langley Land, LLC, Largo Ventures, LLC, Steven G. Rees, Stacy J. Brimhall, Parshelle S. Brimhall, Albert E. Van Wagner and Albert E. Van Wagner, Jr., PC.

DATED this 22nd day of February, 2011.

Paul G. Rosenblatt
United States District Judge